Susan Lynn Mimura
V. Renee Karel
Danielle Evans
London Boquist
SUSAN LYNN MIMURA & ASSOCIATES, PLLC
Attorneys at Law
3451 E. Copper Point Drive, Suite 106
Meridian, Idaho 83642
Telephone: (208) 286-3140
Facsimile: (208) 286-3135
Filing Email: slm@idahoattys.com
Handling Attorney Email: team1@idahoattys.com
Idaho State Bar No. 3033, 9050, 10366, 11113
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **JULIE WILFONG, an individual**<br><br>**Plaintiff,**<br><br>v.<br><br>**CITY OF BOISE, RYAN LEE, CORY L. STAMBAUGH, ROBERT S. RAINFORD, JORDAN P. McCARTHY, COY BRUNER, DOES I-X.**<br><br>**Defendants.** | Case No. _____<br><br>**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, JULIE WILFONG ("Wilfong"), through her attorneys of record, RENEE KAREL of SUSAN LYNN MIMURA AND ASSOCIATES, PLLC, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 2201 in that this is a civil action arising under the Fourth Amendment to the United States

Constitution and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2. This court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that the events or omissions giving rise to the claims occurred in Idaho.

## PARTIES

4. Wilfong is a citizen of the State of Idaho, currently residing in Garden City, Ada County.

5. Defendant, City of Boise, is a governmental entity with oversight of the Boise Police Department ("BPD".

6. Defendant, RYAN LEE, is the Chief of Police of BPD. He is the final policymaker regarding training and supervision of his employees. He is sued in his individual and official capacities.

7. CORY L. STAMBAUGH is a law enforcement officer, employed by the Boise Police Department, and is being sued in an individual capacity.

8. ROBERT S. RAINFORD is a law enforcement officer, employed by the Boise Police Department, and is being sued in an individual capacity.

9. JORDAN P. McCARTHY is a law enforcement officer, employed by the Boise Police Department, and is being sued in an individual capacity.

10. COY BRUNER is a law enforcement officer, employed by the Boise Police Department, and is being sued in an individual capacity.

11. Upon information and belief, Does I-X are law enforcement officers, to be determined in discovery.

## GENERAL ALLEGATIONS

12. In the early morning hours of December 19, 2019, a SWAT team from BPD conducted a raid on Wilfong's home, a 1984 Tioga Motorhome located on the property of 10415 Shields Ave., Garden City, Idaho.

13. Members of the SWAT team used flash-bang grenades to gain entrance to Wilfong's home.

14. The grenades scared both Wilfong and her dogs. She thought she was being shot at.

15. After gaining entrance to Wilfong's home, the police ransacked it.

16. They destroyed property and threw it outside.

17. They searched her vehicle and her phone.

18. Police demanded that Wilfong to tell them where a certain Troy Green ("Green") was.

19. Upon information and belief, Green was a suspect in a crime, but Wilfong was not.

20. There is no significant relationship between Green and Wilfong that provide probable cause that Wilfong is involved in any of Green's alleged criminal activities.

21. Green was living in a trailer on the other side of the fence from Wilfong, and she provided that information to BPD personnel.

22. After receiving information about which trailer belonged to Green, BPD personnel then obtained a warrant to search Green's trailer.

23. Green was later arrested.

24. Wilfong was handcuffed and taken to the police station, where she was held for several hours.

25. Wilfong has not been charged with any crimes.

26. Upon information and belief, Wilfong was never a suspect relating to any potential crimes involving Green.

## FOURTH AMENDMENT CLAIMS

### COUNT ONE

### ILLEGAL SEARCH IN VIOLATION OF THE FOURTH AMENDMENT

27. Wilfong realleges the allegations in the preceding paragraphs.

28. Searches conducted without warrants are presumptively unreasonable.

29. Warrants must be issued upon probable cause relating to both persons and places.

30. Any warrant related to Wilfong's home was not based upon probable cause relating to her.

31. The Defendants' actions caused damage to Wilfong.

### COUNT TWO

### ILLEGAL SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT

32. Wilfong realleges the allegations in the preceding paragraphs.

33. Defendants had no reasonable suspicion that Wilfong was engaged in any criminal activity.

34. Wilfong was not a threat to the officers.

35. Nevertheless, Wilfong was handcuffed, taken to the police station, and held for several hours before being released.

35. The Defendants' actions caused damage to Wilfong.

**COMPLAINT AND DEMAND FOR JURY TRIAL**  
*Wilfong v. City of Boise, et al*  
Case No.

4

## STATE LAW CLAIMS

## COUNT THREE

## ILLEGAL SEARCH AND SEIZURE IN VIOLATION OF ARTICLE I § 17 OF THE IDAHO CONSTITUTION

36. Wilfong realleges the allegations in the preceding paragraphs.

37. Article I, § 17 of the Idaho Constitution protects the right of the people to be free from unreasonable searches and seizures.

38. The Defendants violated Wilfong's rights under the Idaho Constitution in one or more of the following ways:

   a. Failing to obtain a warrant specific to her property and person.

   b. If there was a warrant, having it issued without probable cause related specifically to her property or person.

   c. Seizing Wilfong by handcuffing and holding at the station for several hours.

   d. Searching Wilfong's home without consent.

   e. Doing all of this without legal justification.

39. Defendants' actions caused damage to Wilfong.

## COUNT FOUR

## NEGLIGENT SUPERVISION

40. Wilfong realleges the allegations in the preceding paragraphs.

41. Defendants City of Boise and Chief Ryan Lee have a duty to ensure that their officers abide by the Fourth Amendment and to Idaho Law.

42. Defendants have a duty to train officers regarding carrying out their duties, including proper search and seizure procedures.

43. Defendants failed to train and supervise officers regarding requirements of probable cause searching the home of a person who was not suspected of a crime, but rather a neighbor of their suspect.

44. Defendants' actions caused damage to Wilfong.

## COUNT FIVE

### FALSE IMPRISONMENT

45. Wilfong realleges the allegations in the preceding paragraphs.

46. Defendants, either by use of force or by threat of force, detained Wilfong, holding her at the police station against her will for several hours.

47. These actions by defendants were intentional and unlawful.

48. Wilfong did not consent to the detention.

49. Defendants' actions caused damage to Wilfong.

## COUNT SIX

### TRESPASS

50. Wilfong realleges the allegations in the preceding paragraphs.

51. Defendants entered Wilfong's property and her home.

52. Wilfong did not consent or otherwise invite Defendants onto her property or into her home.

53. Defendants damaged Wilfong's property.

54. Defendants' actions caused damage to Wilfong.

## PRAYER FOR RELIEF

Accordingly, WILFONG requests relief as follows:

1. Compensatory damages for the destruction of her property, in an amount to be determined by the trier of fact;

2. Compensatory damages for the humiliation and emotional distress caused by the unlawful detention and the violation of her civil rights, in an amount to be determined by the trier of fact;

3. Declaratory relief, requiring Boise Police Department to update policies and procedures, reflecting the duty of police to abide by the Fourth Amendment and Idaho law;

4. Reasonable attorneys' fees and costs, as provided by 42 U.S.C. § 1988, I.R.C.P. 54(d), I.C. § 12-120, 12-121, 12-123, and other applicable statutes and rules;

5. Punitive damages, in an amount to be determined by the trier of fact, and in an amount high enough to encourage Defendants to abide by the Fourth Amendment; and

6. Any other relief the court deems appropriate.

## JURY TRIAL

Wilfong requests a jury trial, in accordance with F.R.C.P. 38.

RESPECTFULLY SUBMITTED this 15th day of July, 2021.

SUSAN LYNN MIMURA & ASSOCIATES, PLLC

*/s/ Renee Karel*
RENEE KAREL
Attorney for Plaintiff

## VERIFICATION

I, JULIE WILFONG, state that I have read the foregoing Compliant and believe it to be true to the best of my knowledge.

DATED July 15, 2021

*[signature]*
JULIE WILFONG

State of Idaho      )
                    )ss.
County of Ada       )

    On this 15th day of July, 2022, before me, a notary public in and for the state of Idaho, personally appeared JULIE WILFONG, who proved to me on the basis of satisfactory evidence, to be the person whose name is subscribed to the within and foregoing instrument, and in my presence executed the same.

*[signature]*
Notary Public, State of Idaho
Residing in Meridian, Idaho
Commission Expires: 4/23/2025

*[Notary seal: Robert D. Wright, Notary Public, Comm. No. 61508, State of Idaho]*

**COMPLAINT AND DEMAND FOR JURY TRIAL**  8
*Wilfong v. City of Boise, et al*
Case No.